# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Plaintiff,

vs.

INDEPENDENCE II HOMEOWNERS' ASSOCIATION, *et al.,*

    Defendants.

Case No. 2:16-cv-00536-MMD-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion for Partial Stay Pending Ruling on Motion for Partial Summary Judgment (ECF No. 68), filed on August 2, 2017. Also before the Court is Defendant SFR Investments Pool 1's ("SFR") Counter-Motion to Stay (ECF No. 70), filed on August 16, 2017. Defendant SFR filed its Opposition (ECF No. 69) on August 16, 2017 and Plaintiff filed its Reply and Response to Defendant's Counter-Motion (ECF No. 72) on August 23, 2017. Defendant filed its Reply (ECF No. 81) on August 30, 2017.

## BACKGROUND AND DISCUSSION

This case is one of several quiet title actions that arises from a homeowners' association sale conducted pursuant to Nevada Revised Statute Chapter 116. On August 12 2016, the Ninth Circuit Court of Appeals issued its decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F. 3d 1154 (9th Cir. 2016), *cert. den.*, 2017 WL 1300223 (U.S. June 26, 2017) (No. 16-1208) ("*Bourne Valley*"). There, the Ninth Circuit held that NRS Chapter 116's purported "'opt-in' notice scheme" was facially unconstitutional. *Id.* at 1156. Based on this decision, Plaintiff now seeks to stay all discovery and related deadlines, except for the filing of dispositive motions addressing the Ninth

Circuit's ruling in *Bourne Valley*.

On April 26, 2017, District Judge Boulware certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners's association to provide notices of default to banks even when a bank does not request notice?" *See The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 41] ("*Star Hill HOA*"). This certified question has been accepted by the Nevada Supreme Court and briefing is currently underway. Therefore, Defendant SFR opposes the partial stay, and instead moves for a complete stay of all proceedings because if the certified question is answered in the affirmative in a published opinion, it would nullify *Bourne Valley*. Counter-Motion (ECF No. 70), pg. 3. District Judge Boulware granted a stay of litigation in the *Star Hill HOA* case pending the final resolution of the certified question to the Nevada Supreme Court. *See The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 45].

Because the decision on the certified question to the Nevada Supreme Court directly affects the viability of *Bourne Valley* and any dispositive motion that relies on that ruling, the Court finds that a complete stay pending the final resolution of the certified question is also warranted in this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Stay Pending Ruling on Motion for Partial Summary Judgment (ECF No. 68) is **denied**.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1's Counter-Motion to Stay (ECF No. 70) is **granted**.

**IT IS FURTHER ORDERED** that all proceedings in this case are stayed pending the Nevada Supreme Court's ruling on the certified question posed in *The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 41].

DATED this 6th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge