UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENCE II HOMEOWNERS' ASSOCIATION, et al.,<br><br>Defendants. | Case No. 2:16-cv-00536-MMD-GWF<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC,<br><br>Counter/Cross Claimant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATEHOLDRES OF IMPAC SECURED ASSETS CORP, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-01; and CAROLINA OSPINA MEDINA,<br><br>Counter/Cross Defendants. | |

**I.    SUMMARY**

This case arises out of a homeowner association's ("HOA") foreclosure and involves the notice provisions applicable to foreclosure sales under Nevada Revised Statutes ("NRS") Chapter 116. Currently there is a federal-state split in the interpretation and effect of the notice provisions found at the pre-2015 version of NRS Chapter 116. However, a question regarding the applicable notice provisions was recently certified to the Nevada Supreme Court, asking whether the notice provisions found at NRS § 107.090

were incorporated by reference into the pre-2015 version of NRS § 116.31168. Because the parties in this action do not dispute that Deutsche Bank National Trust Company ("Deutsche") received actual notice of the HOA's foreclosure sale (*see* ECF No. 87 at 27 (not disputing that it received actual notice but instead contending that actual notice is irrelevant to the Court's analysis)), this Court *sua sponte* stays this action in its entirety[1] until the Nevada Supreme Court resolves the certified question.

As a result, the Court denies the four pending motions: (1) SFR Investments Pool 1, LLC's ("SFR") Renewed Motion for Partial Summary Judgment Regarding a Pure Issue of Law: Application of the Return Doctrine Post-*Bourne Valley* ("Return Doctrine MPSJ") (ECF No. 66);[2] (2) Deutsche's Motion for Partial Summary Judgment (ECF No. 67); (3) Independence II Homeowners Association's Second Renewed Motion to Dismiss Claims (ECF No. 78); and (4) SFR's Countermotion for Relief under Fed. R. Civ. P. 56(d) (ECF No. 79).

## II. RETURN DOCTRINE MPSJ (ECF No. 66)

SFR moves for partial summary judgment requesting that this Court find that in the wake of *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017), NRS Chapter 116's notice scheme returns to that of the 1991 version of the statute and thereby eliminates Plaintiffs' 20th affirmative defense as well as their other claims of unconstitutionality. (ECF No. 66 at 15.) This Court has already addressed the issue of whether it should analyze the facts of a particular case under the notice provisions of the 1991 version of NRS Chapter 116 and declined to do so. *See U.S. Bank National Association v. Thunder Properties Inc.*, No 3:15-cv-00328-MMD-WGC, 2017 WL 4102464, *3 (D. Nev. Sept. 14, 2017).

Therefore, the Court denies SFR's Return Doctrine MPSJ on the merits.

---

[1]Magistrate Judge Foley already stayed all proceedings in this case pending resolution of the certified question. (ECF No. 85.)

[2]The Court addresses and denies this motion on the merits, *see* discussion *infra* Sec. II, while it denies without prejudice and with leave to re-file the other three motions pending resolution of the certified question.

2

## III. STAY OF ENTIRE PROCEEDINGS

A district court has the inherent power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090. *See SFR Investments Pool 1, LLC v. Bank of New York Mellon,* Nev. S. Ct. Case No. 72931. NRS §§ 116.31168 and 107.090 prescribe two fundamentally different notice mechanisms. The first requires lenders to affirmatively request notice of foreclosure sales from HOAs. The second requires HOAs to notify lenders as a matter of course, regardless of whether a request was made.

The Ninth Circuit recently held the first mechanism to be facially unconstitutional because it impermissibly shifts the burden to lenders in violation of their procedural due process rights. *Bourne Valley Court Tr.*, 832 F.3d at 1156. NRS § 107.090 seems to ameliorate this burden-shifting problem by requiring the HOAs to provide notice to lenders absent any request from lenders for notice; however, the Ninth Circuit has held that NRS

§ 107.090 is not incorporated in NRS § 116.31168. *Id.* at 1159. If it were, the Ninth Circuit reasoned, the opt-in notice scheme would be superfluous. *Id.*

The question of whether NRS § 116.31168 incorporates NRS § 107.090 is now pending before the Nevada Supreme Court in Case No. 72931. Moreover, that court has hinted it will answer the question in the affirmative. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). If the Nevada Supreme Court holds that NRS § 107.090 is incorporated, then a factual question would arise in this case: did the HOA provide notice to the lender consistent with NRS § 107.090? As the law stands currently, it is irrelevant whether the HOA provided notice to the lender—foreclosure sales conducted pursuant to Chapter 116 could not have satisfied the lenders' constitutional due process rights. *See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *3 (D. Nev. Sept. 29, 2017). But if NRS § 116.31168 incorporated NRS § 107.090, then some foreclosure sales may have satisfied constitutional due process requirements (i.e., those in which HOAs gave lenders notice consistent with NRS § 107.090). Because actual notice occurred here, resolution of the certified question is relevant.

The Court therefore stays all proceedings in this case until resolution of the certified question in Nev. S. Ct. Case No. 72931.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions.

It is therefore ordered that the entirety of this action is stayed pending resolution of the certified question in Nev. S. Ct. Case No. 72931. The stay will be lifted upon such resolution. The parties must file a status report within five (5) days from such resolution.

It is further ordered that Deutsche's Motion for Partial Summary Judgment, Independence II Homeowners Association's Second Renewed Motion to Dismiss Claims,

4

and SFR's Countermotion for Relief under Fed. R. Civ. P. 56(d) (ECF Nos. 67, 78, 79) are denied without prejudice and may be refiled within thirty (30) days from the date the stay in this case is lifted.

It is further ordered that SFR Investments Pool 1, LLC's Renewed Motion for Partial Summary Judgment Regarding a Pure Issue of Law: Application of the Return Doctrine Post-*Bourne Valley* (ECF No. 66) is denied.

DATED THIS 4th day of January 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE