|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF IMPAC SECURED ASSETS CORP, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENCE II HOMEOWNERS' ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; and NEVADA ASSOCIATION SERVICES,<br><br>Defendants. | Case No. 2:16-cv-00536-MMD-GWF<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC,<br><br>Counter/Cross Claimant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATEHOLDRES OF IMPAC SECURED ASSETS CORP, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-01; and CAROLINA OSPINA MEDINA,<br><br>Counter/Cross Defendants. | |

**I.     SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") as Trustee for the Certificateholders of IMPAC Secured Assets Corp, Mortgage Pass-Through Certificates, Series 2007-1's motion for summary judgment (ECF

1  No. 107) and Defendant SFR Investments Pool 1, LLC's ("SFR") motion for summary
2  judgment (ECF No. 108). The Court has reviewed the parties' responses (ECF Nos. 109,
3  110) and replies (ECF Nos. 113, 114). For the following reasons, the Court dismisses the
4  Complaint for lack of subject matter jurisdiction.

**II.  BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Dora Ardolino and Carolina Ospina Medina ("Borrowers") purchased real property ("Property") located within Independence II Homeowners' Association ("HOA") on December 11, 2006. (ECF No. 107-1 at 3-4, 22-24.) The Borrowers financed the purchase with a $263,150 loan ("Loan") evidenced by a note ("Note") and secured by a first deed of trust ("DOT"). (*Id.* at 3-4.) The DOT names Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary. (*Id.* at 4.)

Plaintiff asserts that MERS assigned the DOT to Plaintiff on February 16, 2012 ("2012 Assignment"). (ECF No. 107 at 2 (citing ECF No. 107-2 at 2-3 (2012 Assignment)).) This is the only assignment that Plaintiff attached to its motion for summary judgment. SFR asserts that Plaintiff is not the beneficiary of the DOT and that the 2012 Assignment is invalid based on another assignment dated April 14, 2011 ("2011 Assignment") that Plaintiff did not attach to its motion. (ECF No. 110 at 2-4, 10-14; ECF No. 108-22 at 2 (2011 Assignment).)

The Borrowers failed to pay HOA assessments, and the HOA eventually foreclosed on the Property, presumably extinguishing the DOT. (ECF No. 107-7 at 2-4.)

Deutsche Bank filed the Complaint on March 10, 2016, asserting the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA and Nevada Association Services, Inc. ("NAS"); (3) wrongful foreclosure against the HOA and NAS; and (4) injunctive relief against SFR. (ECF No. 1 at 6-12.) SFR asserts counterclaims for declaratory relief/quiet title and injunctive relief. (ECF No. 20 at 14-15.)

///

## III. DISCUSSION

SFR challenges Plaintiff's Article III standing and prudential standing, arguing that Plaintiff is not the current beneficiary of the DOT. (ECF No. 110 at 2-4, 10-14.)

"Article III of the Constitution limits federal-court jurisdiction to 'Cases' and 'Controversies.'" *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007). "To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The party invoking federal jurisdiction bears the burden of establishing these elements. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

Prudential standing "encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1179 (D. Nev. 2015) (quoting *United States v. Lazarenko*, 476 F.3d 642, 649-50 (9th Cir. 2007)). "The question of prudential standing is often resolved by the nature and source of the claim. Essentially, the standing question in such cases is whether the [statute] on which the claim [relies] properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Id.* (quoting *The Wilderness Soc'y v. Kane County*, 632 F.3d 1162, 1169 (10th Cir. 2011)).

SFR bases its argument on the 2011 Assignment and 2012 Assignment. (*See* ECF No. 110 at 2-4, 10-14.) At first glance, both assignments seem to name Deutsche Bank as the assignee, but SFR asserts this is not the case. In the 2011 Assignment, MERS assigned the DOT to "Deutsche Bank National Trust Company, *as Trustee under the*

*Pooling and Servicing Agreement Relating to* IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2007-1" (ECF No. 108-22 at 2 (emphasis added)). In the 2012 Assignment, MERS assigned the DOT to "Deutsche Bank National Trust Company *as Trustee for the Certificateholders of* IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2007-1" (ECF No. 108-25 at 2 (emphasis added)). SFR contends that the first assignee is a different entity than the second assignee. (ECF No. 110 at 3-4.) SFR also argues that the 2012 Assignment must be invalid because MERS had already transferred its interest in the 2011 Assignment. (*Id.*)

Plaintiff suggests that both assignments refer to Deutsche Bank. (*See* ECF No. 113 at 3.) This is true, but both assignments also refer to different trusts. And Plaintiff produces no evidence to support its contention that "Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2007-1" is the same legal entity as "Deutsche Bank National Trust Company as Trustee for the Certificateholders of IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2007-1," the latter of which is how Plaintiff identified itself in the Complaint. (*See id.*; ECF No. 1 at 1.) Plaintiff may be the trustee for both trust entities and can sue on behalf of both trusts, but Plaintiff offers no evidence to show that the two trusts—bearing two similar but not identical names—are one and the same trust. It is only through a trustee that either of these trusts (assuming they are different) could take any action to enforce the DOT. *See Mathis v. Cty. of Lyon*, No. 2:07-cv-00628-APG-GWF, 2014 WL 1413608, at *2 (D. Nev. Apr. 11, 2014), *aff'd*, 591 F. App'x 635 (9th Cir. 2015) ("A trust . . . is not a natural person capable of taking action on its own behalf.").

"To have standing to assert a quiet title claim, a plaintiff must have a current claim to the land in dispute." *GMAT Legal Title Tr. v. Fitchner*, No. 3:15-cv-00044-HDM-WGC, 2015 WL 7312881, at *3 (D. Nev. Nov. 19, 2015) (citing *Daly v. Lahontan Mines Co.*, 151 P. 514, 516 (Nev. 1915), *aff'd on reh'g*, 158 P. 285 (1916)). Plaintiff asserts that it acquired title when it was assigned the DOT from MERS in the 2012 Assignment (ECF No. 107 at

2), but Plaintiff has produced no evidence to rebut SFR's evidence that MERS had no interest in the DOT to transfer in the 2012 Assignment. In addition, Plaintiff has not produced evidence to substantiate its implication that the 2011 Assignment transferred the DOT to Deutsche Bank, as trustee of the trust on whose behalf Plaintiff is bringing this action. (*See* ECF No. 113 at 3.) If Plaintiff was not the beneficiary of the DOT that was allegedly extinguished in the foreclosure sale, then Plaintiff did not suffer any injury and is not the proper party to bring this lawsuit. Accordingly, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's Complaint (ECF No. 1) is dismissed without prejudice for lack of subject matter jurisdiction.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 107) is denied as moot.

It is further ordered that SFR's motion for summary judgment (ECF No. 108) is denied as moot.

It is further ordered that the Clerk of the Court close this case.

DATED THIS 18th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE